# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GAITAN,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT RAWERS, et al.,<br><br>        Defendant. | CASE NO.   1:11-cv-401-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>PLAINTIFF MUST FILE COMPLAINT AS WELL AS MOTION TO PROCEED IN FORMA PAUPERIS OR PAY $350.00 FILING FEE BY MAY 25, 2011 |

Plaintiff Raul Gaitan ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 10, 2011, the Court severed Plaintiff's claims from his co-plaintiffs and opened the new above-captioned civil case with Gaitain as the sole plaintiff. (ECF No. 2.)  The Court also ordered Plaintiff to file an amended complaint that set forth only his claims and to submit an application to proceed in forma pauperis or pay the $350.00 filing fee by April 12, 2011. (ECF No. 10.)  To date, Plaintiff has failed to respond to the Court's Order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with

prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

A civil action may not proceed absent the submission of either the filing fee or the grant of in forma pauperis status. 28 U.S.C. §§ 1914, 1915. Because Plaintiff has not filed a motion to proceed in forma pauperis and has not paid the filing fee, the Court could dismiss this action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 11-110.

However, the Court will afford Plaintiff one additional opportunity to comply with its prior order. By **May 25, 2011**, Plaintiff must submit: (1) an amended complaint that sets forth only his personal claims; and (2) either an application to proceed in forma pauperis or the full $350.00 filing fee. Plaintiff is on notice that failure to comply with this order and meet the Court's deadline will result in dismissal of this action.

Accordingly, the Court hereby ORDERS the following:

1. The Clerk's office shall send Plaintiff a blank 1983 complaint form and a blank in forma pauperis form;
2. Plaintiff is to complete the enclosed forms and/or pay the $350.00 filing fee by **May 25, 2011**;
3. Failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated: April 26, 2011         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE