# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GAITAN | 1:11-cv-0401-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING THAT CASE BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER |
| vs. | |
| SCOTT RAWERS, et. al., | (ECF No. 5) |
| Defendants. | |
| _____/ | |

Plaintiff Raul Gaitan ("Plaintiff"), proceeding pro se, filed this civil action on April 20, 2006. On March 10, 2011, the Court severed Plaintiff's claims from those of his co-plaintiffs and opened the above-captioned civil case with Gaitan as the sole Plaintiff. (Order, ECF No. 2.) Plaintiff was ordered to file an amended complaint setting forth only his claims and to submit an application to proceed in forma pauperis or pay the $350.00 filing fee by April 12, 2011. (Id.) Plaintiff failed to do either, and on April 26, 2011, the Court ordered Plaintiff to show cause why his action should not be dismissed if he failed to file an amended complaint setting forth only his personal claims and failed to file an application to proceed in forma pauperis or pay the full $350.00 filing fee by May 25, 2011. (Order, ECF No. 5.) Plaintiff was put on notice that failure to comply with that Order and meet the Court's deadline would result in dismissal of this action. The deadline has now

expired, and Plaintiff has not filed an amended complaint, paid the filing fee, filed a motion to proceed in forma pauperis or otherwise responded to the Court's Order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.

1 The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly stated: "Failure to comply with this order will result in dismissal of this action." (Order, ECF No. 5.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

**Accordingly, the Court hereby RECOMMENDS that this action be dismissed without prejudice for failure to comply with the Court's Order.**

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 29, 2011                        /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE